UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

In Re:                                         )         Chapter 11
SCOTLAND MEADOWS, LLC         )         Case No. 24-11997-JEB
    Debtor                                )
---------------------------------------------

## RESPONSE OF RESKON GROUP CORP. TO DEBTOR'S OBJECTION TO MOTION OF RESKON GROUP CORP. FOR RELIEF FROM THE AUTOMATIC STAY

To the Honorable Janet E. Bostwick, Bankruptcy Judge:

Now comes RESKON Group Corp. (the "Creditor") and submits the following response to the Debtor's Objection to Motion for Relief from Stay – document 48:

1. On December 2, 2024, the Debtor filed an Objection to the Motion for Relief from Stay (the "Objection") filed by the Creditor.

2. In paragraph 2 of the Objection, the Debtor states that it is the Debtor's position that the Creditor is not a creditor of the Debtor.

3. **Section 101. Definitions** of 11 USCA, the Bankruptcy Code:

**(5)** The term "claim" means--
**(A)** right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
**(B)** right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**(10)** The term "creditor" means--
**(A)** entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

-------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------
-------------------

Massachusetts General Laws, chapter 254, section 2, provides the statutory "claim" that RESKON has in this case against the title holder of the real estate (Scotland Meadows, the debtor in this case) in the event of non-payment. That section reads in relevant part as follows:

<u>Section 2.</u> A person entering into a written contract with the owner of any interest in real property, or with any person acting for, on behalf of, or with the consent of such owner for the whole or part of the erection, alteration, repair or removal of a building, structure, or other improvement to real property, or for furnishing material or rental equipment, appliances, or tools therefor, shall have a lien upon such real property, land, building, structure or improvement owned by the party with whom or on behalf of whom the contract was entered into, as appears of record on the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor, including construction management and general contractor services, and material or rental equipment, appliances, or tools which shall be furnished by virtue of said contract….

Section 11 of Chapter 254 provides the time within which a complaint must be filed in the Superior Court:

<u>Section 11.</u> The lien shall be dissolved unless a civil action to enforce it is commenced within ninety days after the filing of the statement required by [section eight](#).

RESKON recorded the "statement" on September 26, 2024, requiring the filing of the complaint in the Superior Court by December 26, 2024

Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay as follows:

**(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
**(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;

                Respectfully submitted
                RESKON Group Corp.
                By its Counsel,

Dated: December 12, 2024          /s/Gary W. Cruickshank, Esq.
                                  101 Federal Street, Suite 1900
                                  Boston MA 02110
                                  (617)330-1960
                                  (BBO107600)
                                  gwc@cruickshank-law.com

3

<u>CERTIFICATE OF SERVICE</u>

I, Gary W. Cruickshank, hereby certify that on December 12, 2024 I electronically filed with the Clerk of the Bankruptcy Court, the foregoing and served same in the following manner upon the interested parties:

Email service: via the Court's CM/ECF system which sent notification of such filing to the following:

- **Thomas J. Flannagan**   tflannagan@mhdpc.com
- **James C. Fox**   jim_fox@riw.com, jcf@riw.com
- **Justin Kesselman**   justin.a.kesselman@usdoj.gov
- **Richard King - B**   USTPRegion01.BO.ECF@USDOJ.GOV
- **Kenneth Lindauer**   kenlindauer@gmail.com
- **Marshall F. Newman**   mnewman@newmanlegal.com, jdaly@newmanlegal.com
- **Rion Vaughan**   rmv@riw.com

/s/Gary W. Cruickshank, Esq.